THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* IRVING BARR, Defendant.

County Court, Bronx County, November 22, 1937.

*Samuel J. Foley, District Attorney,* and *Arthur Carney, Assistant District Attorney,* for the plaintiff.

*Samuel Goldstein,* for the defendant.

STACKELL, J. The defendant has been indicted by the grand jury for the crime of murder in the first degree.

The district attorney now moves the court for the right to try the defendant before a special jury to be drawn and selected pursuant to the provisions of section 3 of chapter 602 of the Laws of 1901 and as subsequently amended.

The defendant opposes this motion upon the ground that there are no women who have been selected as special jurors as the special jury panel consists only of men, and it is urged that inasmuch as the Legislature of this State has now decided that women are entitled to sit as jurors as well as men in all courts of the State this would be a discrimination against women jurors in that they would be excluded in capital cases, and it is, therefore, contended that the defendant is entitled to a trial before a jury composed of men and women.

Under chapter 513 of the Laws of 1937, amending Judiciary Law (§§ 502, 546, 598, 635, 686, 720), a woman has a right to serve as a juror in a criminal case, and it undoubtedly was the intention of the Legislature to accord women the unrestricted right to serve as jurors in all criminal as well as civil cases and to grant this motion would tend to whittle down that right and prevent women from serving in capital cases.

A special jury panel in Bronx county is composed only of men. There are no women on this panel. The commissioner of jurors takes the position that under chapter 602 of the Laws of 1901 " no person shall be selected as such special juror who is by law disqualified or exempt from service as a trial juror," and that by virtue of chapter 513 of the Laws of 1937 a woman is exempt from jury duty in that she has a right to claim exemption from service and that the jury duty is not mandatory but permissive.

If special jurors be required to serve in all capital cases, it would follow that women in Bronx county will never have the opportunity of sitting in a murder case.

Women have been chosen as members of the grand jury in some of the Federal courts; also as jurors in our civil, criminal and probate courts. Thus far no woman has served as a juror in this county in a capital case. From observation during the months of October and November I have found them to be very conscientious, eager, intelligent and discriminating jurors. I can see no reason why they should be deprived of the right to serve in the most important of cases in this State, keeping in mind that they enjoy that right in other States.

The court may, in its sound discretion, direct the impaneling of a special jury where the circumstances of the case warrant it, and this would be true whether the request was made by the district attorney or by the defendant. Nothing, however, has been shown here to satisfy the court that the subject-matter of the indictment is one of unusual or extraordinary circumstances that calls for the exercise of discretionary power.

I have come to the conclusion there is nothing in the moving papers that will prevent the People or the defendant from having a fair and impartial trial before a regular trial jury composed of men and women.

The motion for a special panel is, therefore, denied.